IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN SEASTRAND,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., a nationally chartered bank; and RALPH PACE, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT U.S. BANK, N.A.'S MOTION TO DISMISS<br><br><br>Case No. 2:17-CV-214 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant U.S. Bank, N.A.'s ("U.S. Bank") Motion to Dismiss. For the reasons discussed below, the Court will deny the motion.

## I. BACKGROUND

On or around October 5, 2016, Mr. Seastrand, through counsel, provided the EEOC with a letter and attached document. The letter's subject line read: "Charge of Employment Discrimination in Violation of the ADEA."[1] The attached document was titled "Charge of Employment Discrimination," and was signed by Seastrand.[2] The attachment included Seastrand's personal information, information about U.S. Bank, and a narrative of facts surrounding an alleged wrongful termination.

On October 5, 2016, the EEOC assigned Seastrand's matter an EEOC Charge Number and acknowledged receipt of the documents.[3] On October 12, 2016, the EEOC generated an

---

[1] Docket 14, Ex. 1, at 1.

[2] *Id.* at 2.

[3] *Id.* Ex. 2-B.

EEOC Form titled "Notice of Charge of Discrimination," which recorded that John Seastrand had filed a charge and claimed to be aggrieved by employment discrimination under the ADEA.[4]

Finally, on January 10, 2017, the EEOC generated "Form 5," also titled "Notice of Charge of Discrimination."[5] Form 5 was filed with U.S. Bank. Seastrand initiated the present suit on February 27, 2017, about 145 days after submitting documents to the EEOC and 48 days after the EEOC created the Form 5 notice.

U.S. Bank initially argued that Form 5, rather than Seastrand's earlier filing, was the operative "charge," and that Seastrand therefore failed to wait sixty days before filing his Complaint. In its Reply, U.S. Bank appears to retreat from that position, but maintains that Seastrand has inadequately alleged that the October, 2016 documents were a "charge" under the ADEA.

## II. STANDARD

When an employee files a charge alleging unlawful age discrimination with the EEOC, "the charge sets the Act's enforcement mechanisms in motion, commencing a waiting period during which the employee cannot file suit."[6] The waiting period for civil actions is sixty days.[7] A failure to exhaust administrative processes in an ADEA case is grounds for dismissal for lack of subject-matter jurisdiction.[8]

---

[4] Docket No. 6, Ex. 1, at 1.

[5] *Id.* Ex. 2, at 1.

[6] *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 393 (2008).

[7] 29 U.S.C. § 626(d)(1).

[8] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

U.S. Bank frames its argument as a 12(b)(6) motion; however, it is actually a jurisdictional challenge. Seastrand argues that Rule 12(b)(1) provides the appropriate standard. Typically, arguments regarding subject matter jurisdiction should be analyzed under Rule 12(b)(1). However, the Court must "convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion . . . when resolution of the jurisdictional question is intertwined with the merits of the case."[9] Here, resolution of the jurisdictional issue—whether Seastrand's October communication constituted a notice of charge—is not an aspect of the substantive claim in his discrimination action.[10] Therefore, Rule 12(b)(1) provides the correct standard.

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. . . . Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.[11]

Seastrand's Complaint alleges that Seastrand filed a charge and that the EEOC acknowledged receipt of that charge on October 5, 2016.[12] U.S. Bank goes beyond the Complaint's allegations by arguing that the documents Seastrand filed did not legally constitute a "charge" under the ADEA. "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has

---

[9] *Holt v. United States*, 46 F.3d 1000, 1001 (10th Cir. 1995).

[10] *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010) ("[T]o succeed on a claim of age discrimination, a plaintiff must prove by a preponderance of the evidence that her employer would not have taken the challenged action but for the plaintiff's age."). *Cf. Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) ("[W]hether Wheeler qualifies as an employee under the federal discrimination statutes is both a jurisdictional question and an aspect of the substantive claim . . . .").

[11] *Holt*, 46 F.3d at 1002–03 (citations omitted).

[12] Docket No. 9, Ex. 1, at 3.

wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[13] Therefore, the Court may properly consider not only the Complaint, but the exhibits filed by the parties to resolve factual disputes on this narrow issue.[14]

### III. DISCUSSION

The question before the Court is whether Seastrand's filing with the EEOC in 2016 qualifies as a "charge" under 29 U.S.C. § 1626(d). There is no statutory definition of the term. However, the EEOC regulations define "charge" as "a statement filed with the Commission by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act."[15]

This definition is supplemented by Sections 1626.6 and 1626.8, which list pieces of information that should be present in a charge. The Supreme Court considered these regulations in depth in *Federal Express Corp. v. Holowecki*, and concluded that,

> [i]n addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.[16]

The Court emphasized that "[t]he system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes," and that under

---

[13] *Holt*, 46 F.3d at 1003.

[14] *Id.*

[15] 29 C.F.R. § 1626.3 (2007).

[16] 552 U.S. 389, 402 (2008).

4

the Act, "a charge can be a form, . . . or an informal document."[17] The Court acknowledged that "under this permissive standard a wide range of documents might be classified as charges," but that this result "is consistent with the design and purpose of the ADEA."[18]

Here, Seastrand's filing with the EEOC was an informal document clearly labeled "Charge of Discrimination."[19] Seastrand's letter contained the information required by 29 C.F.R. § 1626.6 as well as most of the information listed in Section 1626.8, including: Seastrand's name, address, and telephone number; U.S. Bank's contact information; and one and one-half pages of narrative and general allegations, including references to time periods and the number of employees allegedly discriminated against.

Finally, Mr. Seastrand's letter stated that it was providing information "to assist with [the EEOC's] investigation of his case."[20] This—in combination with the fact that Seastrand made obvious efforts to provide all information required by the EEOC's regulations—shows that Seastrand's filing was a request that the EEOC act to protect Seastrand's rights under the ADEA.

The fact that the EEOC notified U.S. Bank of Seastrand's charge only after a delay of several months is irrelevant to whether Seastrand exhausted his administrative remedies. The Supreme Court has rejected the argument that a filing does not become a "charge" until the EEOC provides notice of the claim to an employer, reasoning, "[i]t would be illogical and

---

[17] *Id.* at 403.

[18] *Id.* at 402.

[19] Docket No. 14 Ex. 1, at 1.

[20] *Id.*

impractical to make the definition of charge dependent upon a condition subsequent over which the parties have no control."[21]

The Court finds Seastrand's October 2016 documents a "charge" for purposes of 29 U.S.C. § 626(d)(1). Seastrand's Complaint was timely filed more than sixty days after this charge, and Seastrand therefore complied with administrative process.

Whether or not Seastrand exhausted his administrative remedies, U.S. Bank claims that "there is no serious question that Plaintiff's Complaint on its face is deficient in meeting the standard to properly invoke this court's jurisdiction."[22] U.S. Bank is simply incorrect. The Complaint alleges that "Seastrand filed his Charge of Employment Discrimination with the Equal Employment Opportunity Commission . . . . The EEOC acknowledged receipt of the Charge of Discrimination on October 5, 2016."[23] The Complaint then cites to communication from the EEOC supporting this allegation before concluding, "[m]ore than 60 days have passed . . . and this Complaint is now properly filed under 29 U.S.C. § 626(d)."[24]

The Court finds that Seastrand adequately pleaded his compliance with administrative process; it is therefore unnecessary for Seastrand to amend his Complaint.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant U.S. Bank's Motion to Dismiss (Docket No. 6) is DENIED.

---

[21] *Holowecki*, 552 U.S. at 404.

[22] Docket No. 16, at 2. Notably, Seastrand did not seek to invoke this Court's jurisdiction; U.S. Bank did. *See* Docket No. 2, at 1–2 (asserting in the Notice of Removal that "claims asserted by Plaintiff in his complaint . . . raise a federal question").

[23] Docket No. 2, Ex. 1, at 3.

[24] *Id.*

DATED this 4th day of May, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge