# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN SEASTRAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., a nationally chartered bank; RALPH PACE, an individual acting in his official capacity as an officer and employee of U.S. BANK, N.A.; JACKLYN W. MILLER, GARY S. MILLER, JAY M. MINNICK, individuals; MILLER DEVELOPMENT COMPANY, INC., a Utah corporation; MILLER MINNICK ASSOCIATES I, LLC and MILLWOOD COMPANIES, LC, Utah limited liability companies; and JOHN DOES 1-10<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OVERLENGTH MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT<br><br><br>Case No. 2:17-CV-214 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Leave to File an Overlength Memorandum in Opposition to Defendant U.S. Bank's Motion for Summary Judgement. For the reasons discussed below, the Court will deny the Motion.

Defendant filed its Motion for Summary Judgement on October 16, 2018. Under DUCivR 7-1(3), Plaintiff's memorandum in opposition was due within 28 days after receiving service. However, Plaintiff requested and was granted an extension by the Court to file his opposition by 4:30 p.m. on November 20, 2018. Plaintiff failed to file by that deadline. On November 26, 2018, Plaintiff filed the Motion currently before the Court requesting leave to file an overlength brief. However, Plaintiff has not sought permission to file his brief out of time.

1

DUCivR 56-1(f) provides that

> Failure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice, provided the moving party has established that it is entitled to judgment as a matter of law.

In the absence of a timely filed opposition from Plaintiff, the Court considers Defendant's Motion for Summary Judgement to be unopposed and will consider whether it has established that it is entitled to judgement as a matter of law.

Federal Rule of Civil Procedure 6(b)(1)(B) does allow the Court to extend a filing deadline for "good cause" on a "motion made after the time has expired if the party failed to act because of excusable neglect." However, no such showing has been made. Without this showing, the Court need not consider whether an overlength brief may be filed because no brief may be filed without demonstrating good cause and excusable neglect. Therefore, the Court will deny the Motion and strike all attached exhibits from the record.

It is therefore

ORDERED that Plaintiff's Motion for Leave to File an Overlength Memorandum (Docket No. 86) is DENIED. The documents attached to that Motion are STRICKEN.

DATED this 29th day of November 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge