# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| JOHN SEASTRAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>US BANK, N.A., a nationally chartered bank; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00214-TS-PMW<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is (1) Plaintiff John Seastrand's ("Seastrand") short form discovery motion to compel production of subpoenaed documents[2] and (2) Seastrand's short form discovery motion regarding rebuttal expert disclosures.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 46.

[2] *See* docket no. 71.

[3] *See* docket no. 72.

## ANALYSIS

I.  **Seastrand's Motion to Compel**

In an order dated August 21, 2018, the court denied a motion to quash a third-party subpoena filed by Defendants Jacklyn W. Miller; Gary S. Miller; Jay M. Minnick; Miller Development Company, Inc.; Miller Minnick Associates I, LLC; and Millwood Companies, LLC (collectively, "Miller Defendants").[4] In that motion, the Miller Defendants sought to quash a third-party subpoena to Rocky Mountain Advisory, LLC ("RMA Subpoena"). In denying the motion, the court ordered the Miller Defendants to produce all nonprivileged documents that are responsive to the RMA Subpoena and produce a privilege log for any privileged documents that are responsive to the RMA Subpoena. According to Seastrand, the Miller Defendants complied with that order, but produced a privilege log of approximately 5,000 documents.

In the motion now before the court, Seastrand seeks a court order requiring the Miller Defendants to produce approximately 130 of those documents ("Documents"). Seastrand contends that the Documents are not privileged and, therefore, should be produced. In response, the Miller Defendants maintain that the Documents are privileged.

Without being able to review the Documents, the court cannot ascertain whether they are privileged. The court concludes that an *in camera* review is the only way to determine whether the documents should or should not be produced. Accordingly, Seastrand's motion to compel is taken under advisement, and the following process will govern the court's *in camera* review.

---

[4] *See* docket no. 58.

The Miller Defendants shall review the Documents again to determine whether they are indeed privileged. After conducting that review, the Miller Defendants shall produce to Seastrand any of the Documents over which a claim of privilege is no longer asserted. For any of the Documents over which the Miller Defendants continue to assert a claim of privilege, they shall deliver them, along with a corresponding privilege log, to the Chambers of Chief Magistrate Judge Paul M. Warner, 351 South West Temple, Room 10.440, Salt Lake City, Utah 84101. Said delivery shall be made on or before January 11, 2019.

Upon receipt of the Documents alleged to be privileged, the court will review a random sampling of 5 documents. The court will not individually review all of the Documents alleged to be privileged. Based upon the review of the sample, the court will rule on the claim of privilege as to all of the Documents alleged to be privileged. It therefore behooves the Miller Defendants to construe their claims of privilege narrowly, or they may lose the claim as to all of the Documents submitted for review.

If, at any point during the above-referenced process, the parties resolve the dispute presented by Seastrand's motion to compel, they shall file a notice with the court to that effect.

## II. Seastrand's Motion Regarding Rebuttal Expert Disclosures

In an order dated September 11, 2018, the court granted the parties' stipulated motion to extend certain deadlines ("September 11 Order").[5] In relevant part, the court extended the deadline for completion of expert discovery to October 16, 2018.

---

[5] *See* docket no. 61.

In this motion, Seastrand seeks an order allowing him to file his rebuttal expert disclosures on October 29, 2018. Seastrand argues that because the September 11 Order does not contain a deadline for rebuttal expert disclosures, he should be provided with 30 days, or until October 29, 2018, to file his rebuttal expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) ("A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: . . . (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.").

Defendant U.S. Bank, N.A. ("U.S. Bank") and the Miller Defendants oppose Seastrand's motion. They argue that the September 11 Order closed expert discovery on October 16, 2018, and, therefore, the provision of Rule 26 upon which Seastrand relies does not apply here.

The court agrees with U.S. Bank and the Miller Defendants. Pursuant to Rule 26(a)(2)(D)(ii), expert disclosures must be made "at the times and in the sequence that the court orders," and the 30-day provision of that rule applies "[a]bsent a stipulation or a court order." *Id*. In this case, the September 11 Order explicitly closed expert discovery on October 16, 2018. Importantly, the court set that deadline based upon the agreement of the parties, including Seastrand. Had Seastrand intended for a different deadline to apply to his rebuttal expert disclosures, he could have negotiated for such a deadline. It is also important to the court that Seastrand did not raise the issue of the timing of his rebuttal expert disclosures until 10 days after expert discovery had closed. If Seastrand was concerned about the due date for his rebuttal expert disclosures, he should have raised that issue with the court prior to the expiration of expert discovery. For those reasons, this portion of Seastrand's motion is denied.

Seastrand also seeks a court order providing him with a 30-day extension of time to file his vocational expert's rebuttal report. Seastrand argues that "[f]undamental fairness and rules of the [c]ourt require that . . . Seastrand be permitted to file a rebuttal opinion to the Defendants' vocational rehabilitation expert."[6] That argument fails. Although Seastrand makes a general reference to rules of the court, he has not pointed to any specific rule that would permit the extension he seeks. Furthermore, as with his rebuttal expert disclosures, he does not explain why he failed to seek an extension prior to the expiration of expert discovery. For those reasons, this portion of Seastrand's motion is likewise denied.

## **CONCLUSION AND ORDER**

In summary, IT IS HEREBY ORDERED:

1. Seastrand's short form discovery motion to compel production of subpoenaed documents[7] is TAKEN UNDER ADVISEMENT, as detailed above.

2. Seastrand's short form discovery motion regarding rebuttal expert disclosures[8] is DENIED.

DATED this 20th day of December, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] Docket no. 72 at 3.

[7] *See* docket no. 71.

[8] *See* docket no. 72.